23-6132
*United States v. Pszeniczny*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> MYRNA PÉREZ,
> ALISON J. NATHAN
> *Circuit Judges,*

_____

STANISLAW PSZENICZNY,

*Defendant-Appellant,*

v.                                                          23-6132

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

_____

| | |
|---|---|
| For Defendant-Appellant: | CORY FORMAN (David Jason Cohen, *on the brief*), Cohen Forman Barone, LLP, New York, NY. |
| For Plaintiff-Appellee: | ANDREW D. GRUBIN, Assistant United States Attorney (Anthony Bagnuola, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney, Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Stanislaw Pszeniczny ("Pszeniczny") appeals from the judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*), convicting him of illegally re-entering the country, in violation of 8 U.S.C. §§ 1326(a), (b)(2). Pszeniczny appeals the district court's denial of his two motions to dismiss the indictment for illegal reentry and his motion for reconsideration. We review a district court's decision denying a motion to dismiss an indictment *de novo*. *United States v. Yousef*, 327 F.3d 56, 137 (2d Cir. 2003). We assume the parties' familiarity with the remaining facts, issues presented, and procedural history, which we reference only as necessary to explain our decision to **AFFIRM**.

This Court's precedent directly forecloses Pszeniczny's argument that missing hearing information in a Notice to Appear ("NTA") could divest an immigration court of jurisdiction. In *United States v. Suquilanda*, this Court held that an NTA's omission of "the statutorily required date, time, and place of his initial removal hearing, or the regulatorily required address of the Immigration Court at which his NTA was to be filed" did not divest the immigration court of jurisdiction. 116 F.4th 129, 133 (2d Cir. 2024); *see also United States v. Maldonado*, 22-1077-cr (2d. Cir. Oct. 24, 2024) (summary order); *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019).[1] Here, Pszeniczny received "an NTA that omitted the time and date of the initial removal

---

[1] Contrary to what Pszeniczny asserts, the Supreme Court's decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), has not implicitly overruled *Banegas Gomez*. *See Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) (explaining that *Banegas Gomez* remains good law).

hearing, but a subsequent notice specifying this information was sent to him" two months later, which resolved the omissions. *See Suquilanda*, 116 F.4th at 136; *Banegas Gomez*, 922 F.3d at 112. The IIRIRA session rules and agency regulation that Pszeniczny points to do not distinguish his case from our precedent.[2] *Suquilanda*, 116 F.4th at 135 n.6 (explaining that *Banegas Gomez* foreclosed reliance on the transitional rules); *id.* at 137–38 (concluding that "Congress gave the Attorney General 'no authority [here] to adopt rules of jurisdictional dimension'" (quoting *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs*, 558 U.S. 67, 84 (2009)). Accordingly, the immigration court that removed Pszeniczny had jurisdiction to do so.

Pszeniczny's next argument—that he was properly admitted because a border agent waved him into the country without inspecting his papers—is similarly without merit. The illegal reentry statute "makes it a felony for an alien who has been previously arrested and deported to reenter the United States without the express consent of the Attorney General to reapply for admission." *United States v. Martus*, 138 F.3d 95, 96 (2d Cir. 1998); 8 U.S.C. § 1326. The statute's plain text thus expressly limits the authority to allow reapplication and reentry. So, too, do federal regulations. *See* 8 C.F.R § 212.2(a). For these reasons, we have rejected attempts to confer such authorization power on border agents. "There is no statute or regulation that expressly authorizes a border guard to grant the required express consent of the Attorney General. . . ." *Martus*, 138 F.3d at 97. The statute's reference to "the" designated U.S. official limits the authority to expressly authorize reentry to a singular individual (the Attorney General prior to 2003 and the Department of Homeland Security ("DHS") Secretary since then). *See* 8 U.S.C. §§ 1326(a)(2), (b)(4). "[E]ven if there was an implicit or constructive delegation of such

---

[2] The government asserts that Pszeniczny has forfeited these arguments. We need not address that contention because we find that his arguments independently lack merit.

authority, no express consent to reapplication for admission could be found where a deported alien reenters without informing the INS officials of his prior deportations," as Pszeniczny did here. *Martus,* 138 F.3d at 97. We therefore decline to adopt Pszeniczny's expansive interpretation of border agent authority here.[3]

\*    \*    \*

We have considered Pszeniczny's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Pszeniczny's reliance on *Matter of Quilantan,* 25 I. & N. Dec. 285 (B.I.A. 2010) is unavailing. That case concerned the adjustment of status, not illegal reentry. Further, unlike the illegal reentry statute, which vests express consent to entry with the Attorney General (now, the DHS Secretary), the relevant statute at issue in *Quilantan* expressly permitted admission after "inspection and authorization *by an immigration officer." Id.* at 287 (emphasis added) (quoting 8 U.S.C. § 1101(a)(13)(A)).

4